IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )     CRIMINAL ACTION NO.
     v.                     )        2:20cr85-MHT
                            )            (WO)
BRAD EDGAR WYATT and        )
RONALD WOOD                 )
```

ORDER

This cause is before the court on defendant Brad Edgar Wyatt's oral motion to continue and defendant Ronald Wood's written and oral motions to continue. The oral motions were made on the record during the status conference on February 26, 2021. For the reasons set forth below, the court finds that jury selection and trial, now set for March 15, 2021, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in

> an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."   § 3161(h)(7)(A).   In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public, Wood, and Wyatt in a speedy

2

trial. Wood's and Wyatt's attorneys were both appointed recently, and the March 15 trial date does not give them sufficient time to prepare for trial. In addition, they both attest to needing significant time to get ready for trial due to the voluminous discovery involved in the case from wiretaps. In addition, the COVID-19 pandemic poses an extreme danger to public health, particularly in light of the new, more transmissible strains that have emerged. Holding a trial in person at this time risks the health and safety of the parties, the court, and all potential jurors. The government does not oppose the requested trial continuance, and would prefer to try both defendants together. The court finds that a continuance of the trial is necessary to ensure that defense counsel has adequate time to prepare for trial and in order to protect public health and the safety of the proceedings.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Ronald Wood's motions to continue trial (Doc. 125 & Doc. 141) are granted.

(2) Defendant Brad Edgar Wyatt's motion to continue trial (Doc. 142) is granted.

(3) The jury selection and trial for both defendants Wood and Wyatt, now set for March 15, 2021, are reset for June 7, 2021, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the June trial term and reset pretrial deadlines as appropriate.

DONE, this the 1st day of March, 2021.

                      /s/ Myron H. Thompson
                UNITED STATES DISTRICT JUDGE